```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Daniel L. Rittner, Sr.,          :

    Plaintiff,               :

  v.                               :     Case No. 2:06-cv-0471

Sidney Thrower, et al.,          :     JUDGE SARGUS

    Defendants.              :

OPINION AND ORDER

This prisoner civil rights case is before the Court on pro se plaintiff, Daniel L. Rittner's, motion for leave to obtain over ten depositions (doc. #25), motion to order alternate service by United States Marshal (doc. #26), motion to enlarge time to file responsive pleadings and orders (doc. #27), motion to stay proceedings (doc. #28), motion for evidentiary hearing to determine tolling provisions (doc. #30), motion to sanction (doc. #41), motion for leave to file affidavit (doc. #42), motion for production of documents (doc. #43), motion to extend time to complete discovery (doc. #44), motion for leave to amend complaint and tax the costs to the Court (doc. #45), motion to appoint investigator for indigent plaintiff (doc. #50), motion to order service of subpoenas (doc. #51), motion for further orders (doc. #52), motion to order legal copies taxed to the Court and to order cost of postage to the Court taxed to the Court (doc. #60), motion to extend discovery (doc. #61), motion to order access to legal material (doc. #63), motion for appointment of counsel (doc. #68), motion to tax mileage to the Court pursuant to Rule 45(b)(1) (doc. #73), and motion to order copies on demand (doc. #74).  Other motions are pending which are not addressed in this Order.  For the following reasons, all of these motions will be denied.

I. *Motion For Leave To Obtain Over Ten Deposition* (doc. #25)

Mr. Rittner requests leave of Court because "he expects to obtain upwards of, at least, thirty (30) depositions and due to the wide variety of persons to be disposed and through out the state of Ohio and Tennessee this Court should freely grant the leave requested." (Mot. for Leave to Obtain Over Ten Depositions (reproduced verbatim).) Mr. Rittner's request for leave to take over ten depositions does not state why he will need to conduct over ten depositions or whom he intends to depose. In fact, as of the writing of this Opinion and Order, there is only one notice on the docket of one deposition to be taken, and that is the deposition of Mr. Rittner. Mr. Rittner has not indicated that he plans on obtaining deposition testimony from any witness. Further, there is no evidence, or good faith argument, that Mr. Rittner will need to conduct over ten depositions in this case. Thus, the request for leave will be denied.

II. *Motion To Order Alternative Service By United States Marshal* (doc. 26)/ *Motion for Leave to File Affidavit Pursuant to Ohio Civ.R. 4.4* (doc. #42)

There appears to be a continual attempt by Mr. Rittner to perfect service on defendant, Sidney Thrower. It appears from the record that Mr. Rittner has not made any diligent attempt to locate Mr. Thrower. See, e.g., Vandiver v. Martin, 304 F.Supp.2d 934 (E.D. Mich.2004) (defendants' motion to dismiss was granted because pro se prisoner-plaintiff did not make good faith attempt to locate the defendants' new addresses after the defendant changed job locations). The record suggests that Mr. Rittner attempted to serve Mr. Thrower at his last known address, but Mr. Rittner immediately learned that Mr. Thrower was no longer employed there. Subsequently, Mr. Rittner moved the Court to allow service by e-mail, but that request was denied. There is no additional

information, or evidence, that Mr. Rittner attempted to find the whereabouts of Mr. Thrower.  For example, there is no indication, by evidence or affidavit, that Mr. Rittner specifically requested, from the defendants, Mr. Thrower's new contact information in order to perfect service.  Instead, Mr. Rittner requests the Court to allow service by publication, which would alleviate any good faith attempt to locate Mr. Thrower.  If the defendants have been asked for the information necessary to perfect service on Mr. Thrower but have not produced it, Mr. Rittner may file a motion to compel in order to obtain it.  The current state of the record does not permit the Court to conclude that Mr. Rittner has made a good faith effort to serve Mr. Thrower, however.  Accordingly, both motions will be denied.

### III. *Motion to Enlarge Time to File Responsive Pleadings and Orders* (doc. #27)

Mr. Rittner requests a blanket order to enlarge the time to file responsive pleadings because he is indigent.  Preliminarily, the Court notes that there is no fee associated with filing a response to an opposing party's motion or to respond to an Order issued by the Court.  Further, under Fed.R.Civ.P. 6(b), a Court may enlarge the period for filing.  However, the Court will not grant a blanket request to enlarge the time indefinitely to file a response to a motion or an Order.  If Mr. Rittner wishes for additional time, he may request it on a case-by-case basis.  This motion will be denied.

### IV. *Motion to Stay Proceedings* (doc. #28)

Mr. Rittner requests that the Court stay proceedings until the Court rules on certain outstanding motions.  This motion is moot because all of the motions identified therein have been ruled on.

### V. *Motion for Evidentiary Hearing to Determine Tolling Provisions* (doc. #30)

Mr. Rittner requests an evidentiary hearing "to find that the

statute of limitations should be tolled due to circumstances beyond the control of the Plaintiff and which are exceptional." (Mot. for Evidentiary Hearing to Determine Tolling Provisions at p. 1.) There is no doubt that Mr. Rittner is well-versed in the art of filing and responding to motions, so the Court concludes that Mr. Rittner can respond via brief to all issues raised regarding any statute of limitation argument. Additionally, Mr. Rittner cites no legal basis for an evidentiary hearing. The motion will be denied.

V. *Motion to Sanction* (doc. #41)

Mr. Rittner requests the Court to sanction the defendants for not participating in discovery. There is no evidence that the defendants are deliberately delaying the discovery process. In fact, the defendants filed a motion for leave to file memorandum in opposition *instanter* in order to respond to Mr. Rittner's discovery production request. This filing is construed as a good faith attempt to participate in the discovery process. If Mr. Rittner requests discovery and the defendants refuse to comply with that request, Mr. Rittner may file a motion to compel. Thus, the motion will be denied.

VI. *Motion for Production of Documents* (doc. #43)/
*Motion to Extend Time to Complete Discovery* (doc. #44)/*Motion to Extend Discovery for Good Cause* (doc. #61)

Mr. Rittner requested, approximately three months prior to the close of discovery, to extend the discovery deadline. At this point in the litigation, the discovery deadline has passed and discovery is closed. Thus, the motions will be denied because there is no need to extend the deadline if there is no other evidence to discover. However, if there is a particular piece of evidence or document that Mr. Rittner wishes to obtain, Mr. Rittner may request that information from the defendants. In return, if the defendants refuse to turn over the requested documentation, Mr. Rittner may file a motion to compel. Thus, the motions will be

4

denied.

VII. *Motion for Leave to Amend Complaint and Order to Tax Costs to the Court* (doc. #45)

Mr. Rittner requests leave to file an amended complaint. The motion states, in relevant part (reproduced verbatim):

> Plaintiff states that there are an additional twenty-four (24) grievances, sub judice, that have been administratively exhausted pursuant to 24 U.S.C. 1997(e) and AR 5120-9-31.
>
> Furthermore, the 24 grievances name several partys working or employed at Noble Correctional under the direction of Defendant Jeffery Wolfe and the acts and omissions in violation of Plaintiff's constitutional rights further include the possibility of felony criminal convictions under Ohio Revised Code. The partys are described as, Chapline, Sgt. [fnu] White, Defendant Wolfe, medical staff, law library inmate staff, Lonny Socco. These violations concern religious harassment, threats, harassment, and retaliation for attempting to use law library and to access the courts. Sexual deviant behavior in which institutional investigator refuse to investigate. Retaliation for attempting to obtain medical care and treatment for serious medical conditions which, by happenstance, were diagnosed and the diagnosis is known to the medical staff.

(Mot. for Leave to Amend Compl. at pp. 1-2.)

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178 (1962) and <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so

requires."  In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:
> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir.1986)); see also Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982).  Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantial different manner had the amendment been tendered previously.  General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account

6

in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id.

In the instant case, it appears that Mr. Rittner is attempting to add several defendants and various claims that have no apparent legal or factual relationship to the claims currently pending. If Mr. Rittner would add these defendants and claims, the Court would have to re-screen the complaint pursuant to 28 U.S.C. § 1915. Further, the addition of new defendants and 24 alleged random constitutional violations will make the case confusing and complex. Undoubtedly, this would cause undue delay to the defendants. Should Mr. Rittner desire, he may open a new case in this Court and assert the alleged 24 constitutional violations, all of which appear to be unrelated to the present claims. Justice does not require adding the new defendants and the 24 new alleged constitutional violations to this case. The motion will be denied.

VIII. *Motion to Appoint Investigator for Indigent Plaintiff* (doc. #50)

Mr. Rittner requests the Court to appoint an investigator "to assist the Plaintiff in fact finding and locating witnesses and potential witnesses." (Mot. to Appoint Investigator at p. 1.) Mr. Rittner claims

> [t]he nature of the cause sub judice and the
> serious allegations made by the Plaintiff and
> the indications of the Ohio State Patrole and
> the failures to investigate sexual harassment

7

> with the constitutional violations leading up to the cause sub judice is a clear indication of potential criminal charges against numerous parties.

(Id. (reproduced verbatim).)

The Court notes that the request for an investigator to investigate sexual harassment is irrelevant to any of the facts or claims asserted in the instant case. The claims in the instant case involve Mr. Rittner's placement in segregation and in the maximum security mental health unit for filing grievances and asserting criminal allegations against Mr. Wolfe. This has nothing to do with claims of sexual harassment. Accordingly, the motion will be denied.

IX. *Motion to Order Service of Subpoenas* (doc. #51)

Mr. Rittner requests the Court "to order service of subpoenas by the U.S. Marshals for the indigent Plaintiff." (Mot. to Order Service of Subpoenas at p. 1.) The motion provides no other information regarding whom the subpoenas should be served on or for what reasons the subpoenas should be served. The motion will be denied.

X. *Plaintiff's Request for Further Orders* (doc. #52)

This motion states:

> Plaintiff ... moves this Court for further orders due to the Northern District's Office of Clerk's refusal to provide the Plaintiff with subopenas to serve in the discovery .... Plaintiff cannot proceed with the discovery .... The Plaintiff now moves this Court for further orders where he is completely shut out of the discovery process by the Office of the Clerk of the Northern District Court.

(Plaintiff's Request for Further Orders at p. 1 (reproduced verbatim).)

It appears that Mr. Rittner is requesting the Court to rule on some pending motions. This Opinion and Order is ruling on various

8

motions. The Court is unclear, however, what this has to do with the Northern District of Ohio. The motion will be denied.

XI. *Motion to Order Legal Copies Taxed to the Court and to Order Cost of Postage to the Court Taxed to the Court* (doc. #60)

Mr. Rittner requests that the Court pay for all photocopying and postage associated with this case. The Court of Appeals has stated:

> The constitutional right of access to the courts does not require that prison officials provide inmates free access to photocopying machinery. Johnson v. Parke, 642 F.2d 377, 380 (10th Cir.1981)(per curiam). Moreover, prisoners do not have an unlimited right to free postage in connection with their right of access to the courts. Twyman v. Crisp, 584 F.2d 352, 359 (10 th Cir.1978).

Bond v. Dunn, 891 F.2d 298 (6th Cir.1989)(unreported). In order to support a claim for a denial of access to courts, the plaintiff must demonstrate that the cost of photocopies prevented him from exercising his right. Davidson v. Edwards, 816 F.2d 679 (6th Cir.1987)(unpublished). Mr. Rittner has not demonstrated prejudice, especially given the fact that he has filed over 70 motions since the case's inception less than a year ago. Accordingly, Mr. Rittner's motion will be denied.

XII. *Motion to Order Access to Legal Materials* (doc. #63)

In this motion, Mr. Rittner requests that the Warden at Allen Correctional Institution "give Plaintiff reasonable access to Plaintiff's legal material which includes evidence in this case and which is held in the possession, custody and control of ... Manager Marrio Marroquin ["UM"]." (Mot. to Order Access to Legal Materials at p. 1.) Mr. Rittner makes this request under Bounds v. Smith, 430 U.S. 817 (1977).

Preliminarily, the Court notes that Bounds stands for the general proposition that the fundamental right of access to the

courts requires prison officials to assist inmates in the preparation and filing of legal documents by providing access to adequate law libraries. Id. Bounds does not require that prison officials turn over evidence to an inmate in a pending case. If Mr. Rittner wishes to have access to this evidence, Mr. Rittner may request the evidence through the discovery process. If that discovery request is denied, Mr. Rittner may file a motion to compel. Because it appears that those procedures were not followed in Mr. Rittner's attempt to obtain this particular information, the motion will be denied.

XIII. *Motion for Appointment of Counsel* (doc. #68)

Mr. Rittner request the Court to appoint him counsel because he is disabled, indigent and proceeding pro se in a case that involves complex legal issues. The Court of Appeals has stated:

> [a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only be exceptional circumstances. In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir.1993)(internal citations and quotations omitted).

As indicated in an earlier part of this Opinion and Order, the claims in the instant case involve Mr. Rittner's placement in segregation and in the maximum security mental health unit for filing grievances and asserting criminal allegations against Mr. Wolfe. This Court concludes that this is not the type of case that is factually and legally complex to warrant appointment of legal counsel. For example, there are several cases within this Circuit that involve retaliation for filing grievances. See, e.g., Jackson v. Madery, 158 Fed.Appx. 656 (6th Cir.2005)(unpublished)(inmate

alleged he was placed on modified access status for filing too many grievances); Dunham-Bey v. Holden, 198 F.3d 244 (6th Cir.1999) (inmate alleged he was placed in administrative segregation for filing grievances); Wilson v. Wellman, 238 F.3d 246 (6th Cir.2000) (unpublished)(inmate alleged he was placed in segregation and lost privileges for filing grievances).  Nothing in the record indicates that these allegations of retaliation for filing grievances are any different from the run-of-the-mill retaliation cases. Additionally, the Court notes that Mr. Rittner is quite capable of representing himself given the fact that he has already filed approximately 70 motions since the case was filed last June.  Accordingly, the motion will be denied.

XIV. *Motion to Tax Mileage to the Court Pursuant to Rule 45(b)(1)*
(doc. #73)

Mr. Rittner requests the Court to pay for all mileage associated with subpoenaing a witness to a deposition.  The Federal Rules of Civil Procedure require a party that is commanding the presence of a witness at a deposition to tender "to that person the fees for one day's attendance and the mileage allowed by law." Fed.R.Civ.P. 45(b)(1).  A party proceeding in forma pauperis, including prisoners, are not relieved from these obligations. See, e.g., Smith v. Yarrow, 78 Fed.Appx. 529, 544 (6th Cir.2003) ("A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts"); Smith v. Pendergrass, Nos. 1:02-cv-125, 1:02-cv-126, 2003 WL 21919182 (N.D. Ind.2003)("[W]hile a *pro se* prisoner in a § 1983 suit may utilize any discovery methods prescribed by the Federal Rules of Civil Procedure, he is subject to the same terms and conditions as any other civil litigant, including paying for his own discovery costs ...") Pedraza v. Jones, 71 F.3d 194 (5th Cir.1995); Kean v. Van Dyken,

No. 4:05-cv-64, 2006 WL 374502 (W.D. Mich. Feb. 16, 2006). Accordingly, there is no statutory or constitutional requirement to grant Mr. Rittner's motion in this instance. The motion will be denied.

XV. *Motion to Order Copies on Demand* (doc. #74)

Mr. Rittner requests that the Court order him unconditional access to the photocopy machine. He claims that it is a violation of Bounds because the

> Allen Correctional Educations Supervisor ... has authorized a copy service policy for inmates which limits copies to ten (10) each day only four (4) days per week with the exception of inmate's commissary day. This limits the Plaintiff's ability to obtain copy service only three (3) days each week providing a person is available to make copies or the library is open.

(Motion to Order Copies on Demand at p. 1 (emphasis omitted).)

As stated, *supra*, in order to support a claim for a denial of access to courts, the plaintiff must show prejudice from the prison policy that is abridging his access to the courts. Davidson, 816 F.2d 679. Mr. Rittner has not shown or demonstrated that the prison photocopy policy has prejudiced him in prosecuting this case. Again, this is especially true given the fact that Mr. Rittner has filed over 70 motions since the case's inception less than a year ago.

XVI.

Based on the foregoing, Mr. Rittner's motions (docs. #25, 26, 27, 28, 30, 41, 42, 43, 44, 45, 50, 51, 52, 60, 61, 63, 68, 73, and 74) are DENIED.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The

motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge