IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Daniel L. Rittner, Sr., :

    Plaintiff, :

v. : Case No. 2:06-cv-0471

Sidney Thrower, et al., : JUDGE SARGUS

    Defendants. :

## ORDER

This prisoner civil rights case is before the Court on an objection to the Magistrate Judge's Report and Recommendation. For the following reasons, the Magistrate's Report is adopted in its entirety and the case is dismissed with prejudice.

The Magistrate's Report recommended granting Jeffery Wolfe's motion for summary judgment because no genuine issues of material fact exist with respect to the five claims asserted by the plaintiff, Mr. Rittner. First, as to the placement in segregation claim in violation of the Fourteenth Amendment, the Magistrate concluded that Mr. Rittner "failed to demonstrate, or even allege, how [his placement in segregation] was an atypical and significant hardship" in violation of Sandin v. Conner, 515 U.S. 472 (1995) and its progeny. (Rep. and Rec. at p.11). Second, as to the transfer from Noble Correctional Institution to Allen Correctional Institution in violation of due process and the First Amendment, the Magistrate concluded that (1) the Due Process Clause does not require a prisoner to receive a hearing, as Mr. Rittner requested, prior to transfer and (2) a transfer from one prison to another would not deter a person of ordinary firmness from exercising First Amendment rights. (Rep. and Rec. at p. 14). Finally, in examining the legality of Mr. Rittner's placement in the "maximum security mental health unit," the Magistrate distinguished the fact that Mr. Rittner was not placed into a psychiatric center as in Vitek v. Jones, 445 U.S. 480 (1980) but was transferred to a residential treatment facility where he was not subjected to involuntary medication and psychotropic tests. (Rep. and Rec. at p. 15). The Magistrate noted that, given the facts in the record, including those alleged personally by Mr. Rittner, the transfer and placement in

the residential treatment facility was not in violation of due process of the First Amendment. Finally, the Magistrate concluded that despite not being properly served in this case, all claims against the other named defendant, Sidney Thrower, should be dismissed because identical claims are asserted against both defendants. (Rep. and Rec. at p. 18). Thus, if genuine issues of material fact do not exist in the claims against Mr. Wolfe, then they cannot exist against Mr. Thrower.

Mr. Rittner subsequently filed a motion entitled "Motion in Opposition to Summary Judgment." Construing this liberally, the Court concludes that this is a timely objection to the Magistrate's Report. Upon reviewing the "objection," however, the Court concludes that Mr. Rittner alleges nothing more than what was previously alleged in his motion in opposition to Mr. Wolfe's motion for summary judgment. All other "objections" relate to serving Mr. Thrower and how much money is in his inmate account, which, according to Mr. Rittner prevented him from participating in discovery. There are no "objections" to the Magistrate's conclusions of law or fact.

Accordingly, the Court ADOPTS the Magistrate's Report in its ENTIRETY. The Court notes that, as of the date of writing this Order, Mr. Rittner has filed over 100 various motions in less than a year. Thus, the Court cannot conclude that Mr. Rittner was without resources to participate in the discovery process. Mr. Wolfe's motion for summary judgment (doc. #140) is GRANTED. Further, as the Magistrate concluded, because the same claims are asserted against Mr. Thrower, the entire case is DISMISSED WITH PREJUDICE. All other pending motions are dismissed as moot.

Date: 5-7-2007

Edmund A. Sargus, Jr.
United States District Judge